**Jose Alberto ZARATE–GRANADOS, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

No. 13–73764.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 24, 2016.*

Filed March 1, 2016.

Cornell Eugene Kirby, Law Office of Cornell Kirby, Shoreline, WA, for Petitioner.

OIL, Corey Leigh Farrell, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respodent

Before: LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Jose Alberto Zarate–Granados, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen based on ineffective assistance of counsel. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, and we review de novo questions of law and constitutional claims. *Singh v. Ash-* croft, 367 F.3d 1182, 1185 (9th Cir.2004). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Zarate–Granados' untimely motion to reopen, where Zarate–Granados failed to establish prejudice from the alleged ineffective assistance of his former attorney because he put forth no evidence showing he has plausible grounds for relief. *See Rojas–Garcia v. Ashcroft,* 339 F.3d 814, 826 (9th Cir.2003) (requiring prejudice to state a valid claim of ineffective assistance of counsel, and explaining the presumption of prejudice for failing to file an appeal brief is rebutted when petitioner does not show plausible grounds for relief).

We lack jurisdiction to consider Zarate–Granados' unexhausted contention regarding his eligibility for voluntary departure and any failings by prior counsel to properly argue that eligibility before the immigration judge. *See Tijani v. Holder,* 628 F.3d 1071, 1080 (9th Cir.2010).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3,